**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

**CHARLES A. L. ALMOND, SR.,**      )
    **Petitioner,**      )
                    )
**v.**      )      **CIVIL ACTION NO. 5:05-0108**
                    )
**MARTY ANDERSON, Warden,**      )
**FCI Beckley,**      )
    **Respondent.**      )

## PROPOSED FINDINGS AND RECOMMENDATION

On February 9, 2005, Petitioner, an inmate at FCI Beckley, Beaver, West Virginia,[1] and

acting *pro se,* filed his "Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person

in State or Federal Custody."[2] (Document No. 1.) Petitioner challenges the Federal Bureau of

Prisons' [BOP] calculation of his good conduct time [GCT] under 18 U.S.C. § 3624(b). (Id., pp. 8-9,

11.) Citing White v. Scibana, 314 F.Supp.2d 834 (W.D. Wis. 2004), Petitioner avers that the BOP's

practice of calculating GCT credit upon the time he will actually serve, rather than upon the entire

sentence as imposed by the District Court, is an erroneous interpretation of 18 U.S.C. § 3624(b).

(Id.) He asserts that the BOP's calculation has resulted in his loss of approximately 105 days of

GCT. (Id., p. 15.) On September 6, 2005, Petitioner filed his "Motion Requesting to Proceed in

Forma Pauperis and Expedited Ruling and Request for Compassionate Release and Permission to

---

[1] On May 14, 1993, after a trial by jury, Petitioner was convicted in the United States District Court for the Western District of Virginia of being a felon in possession, and was sentenced to a 14 year term of imprisonment. *United States v. Almond*, Criminal Case No. 7:92-00013 (W.D. Va. May 14, 1993). (Document No. 1, p. 1.)

[2] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Amend 2241 in Accords with FRCivP 15(a)." (Document No. 6.) In his Motion, Petitioner states that his son recently committed suicide and therefore requests a compassionate release to a halfway house on or about December 7, 2005. (Id., pp. 3-4.)

By Standing Order filed on February 9, 2005, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) Pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, "[i]f it plainly appears . . . that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Having conducted a thorough examination of the Petitioner's Application and Memorandum, the undersigned has determined that Petitioner is not entitled to *habeas* relief.

## ANALYSIS

**1.    Section 3624 is ambiguous and the BOP's interpretation of the statute is reasonable.**

Title 18, U.S.C. § 3624(b) vests the BOP with the discretionary authority to award and calculate good conduct time credits for good behavior as follows:

**(b) Credit toward service of sentence for satisfactory behavior. –**

(1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such

2

lesser credit as the Bureau determines to be appropriate. In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

(2) Notwithstanding any other law, credit awarded under this subsection after the date of enactment of the Prison Litigation Reform Act, shall vest on the date the prisoner is released from custody.

(3) The Attorney General shall ensure that the Bureau of Prisons has in effect an optional General Educational Development program for inmates who have not earned a high school diploma or its equivalent.

(4) Exemptions to the General Educational Development requirement may be made as deemed appropriate by the Director of the Federal Bureau of Prisons.

18 U.S.C. § 3624(b). The BOP interprets § 3624(b) as directing that each eligible federal inmate earn 54 GCT credits for each full year served, with a prorated award of GCT for the last partial year served. See 28 C.F.R. § 523.20.[3] The BOP's formula for calculating GCT credits is detailed in its

---

[3] Title 28, C.F.R. § 523.20 provides:

Pursuant to 18 U.S.C. 3624(b), as in effect for offenses committed on or after November 1, 1987 but before April 26, 1996, an inmate earns 54 days credit toward service of sentence (good conduct time credit) for each year served. This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year. The amount to be awarded is also subject to disciplinary disallowance (see tables 3 through 6 in §541.13 of this chapter). Pursuant to 18 U.S.C. 3624(b), as in effect for offenses committed on or after April 26, 1996, the Bureau shall consider whether the inmate has earned, or is making satisfactory progress (see § 544.73(b) of this chapter) toward earning a General Educational Development (GED) credential before awarding good conduct time credit.

(a) When considering good conduct time for an inmate serving a sentence for an offense committed on or after April 26, 1996, the Bureau shall award:

(1) 54 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has earned or is making satisfactory progress toward earning a GED credential or high school diploma; or

(2) 42 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has not earned or is not making satisfactory progress toward earning a GED credential or high school diploma.

3

Program Statement 5880.28, <u>Sentence Computation Manual CCCA</u>.[4] Thus, under the BOP's interpretation, inmates are not awarded GCT credit on any time not actually served in prison.

Citing <u>White v. Scibana</u>, 314 F.Supp.2d 834 (W.D. Wisc. 2004), Petitioner contends that the BOP's interpretation of § 3624(b) is unreasonable and has resulted in his serving an additional 105 days of imprisonment. (Document No. 1, pp. 8-9, 11.) In <u>White</u>, the District Court concluded that § 3624(b)(1) was not ambiguous and therefore, the BOP did not possess discretion to interpret the statute. <u>Id</u>. The Court focused on the meaning of the statutory phrase "term of imprisonment," and reasoned that because the phrase means "sentence imposed" in the first two instances of its use in § 3624(b)(1), then the statute must be read as a whole such that the phrase means "sentence imposed" with respect to the award of good conduct time. <u>Id</u>. at 838-39. The Seventh Circuit however, recently reversed the District Court's opinion, finding that § 3624(b) is ambiguous and the BOP's interpretation of the statute is permissible and reasonable. <u>White v. Scibana</u>, 390 F.3d 997 (7th Cir. 2004). Specifically, the Seventh Circuit held:

> [I]f "term of imprisonment" refers to the sentence imposed, it becomes impossible to award the credit based on an annual year-end assessment of the prisoner's behavior. And such retrospective annual assessment and award of credit appears to be at the core of what the good-time statute is all about. To interpret "term of

---

> (b) The amount of good conduct time awarded for the year is also subject to disciplinary disallowance (see tables 3 through 6 in § 541.13 of this chapter).

28 C.F.R. § 523.20.

[4] Pursuant to P.S. 5880.28, the GCT formula is based on dividing the maximum number of days that can be awarded for a one year service of sentence, 54 days, by the number of days that must be served before the credit may be awarded, 365 days, or one year. P.S. 5880.23, pp. 1-44, 44A, 45. This amount equals 0.148 day of credit for each day actually served during good behavior. *Id*. Therefore, a prisoner must serve seven days to earn one full day of credit (0.148 x 7 = 1.036, or 1 day of credit). This formula is then applied to prorate partial years of service, which is further explained in the Program Statement. *See* P.S. 5880.28, pp. 1-45-61.

4

imprisonment" as "sentence imposed" for purposes of awarding good-time credit would entitle an inmate to receive credit for good conduct in prison for time - - perhaps several years of time - - that he was not in prison.

Id. at 1002.

The majority of the Circuit Courts of Appeal that have addressed the issue raised by Petitioner, including the Fourth Circuit, have considered Petitioner's argument and have rejected it, primarily concluding that although § 3624(b) is ambiguous, the BOP's interpretation is a permissible and reasonable interpretation of the statute. See Yi v. Adams, 412 F.3d 526 (4th Cir. 2005); O'Donald v. Johns, 402 F.3d 172, 174 (3d Cir. 2005)(Finding that "the BOP's interpretation comports with the language of the statute, effectuates the statutory design, establishes a 'fair prorating scheme,' enables inmates to calculate the time they must serve with reasonable certainty, and prevents certain inmates from earning GCT for time during which they were not incarcerated."); Perez-Olivo v. Chavez, 394 F.3d 45, 53 (1st Cir. 2005)(In finding the BOP's interpretation reasonable, the Court focused on the statutory language allowing the BOP to award GCT only when the prisoner has displayed good behavior. The Court reasoned that this language evidences "Congress' clear intent that the BOP evaluate a prisoner's conduct during his time in prison, making it reasonable for the BOP to require that time actually be served in order for the conduct during that time to be evaluated."); Brown v. McFadden, 416 F.3d 1271, 1273 (11th Cir. 2005)(Holding that "although the language of the statute is ambiguous, the BOP's interpretation of it is reasonable."); Brown v. Hemingway, 2002 WL 31845147 (6th Cir. Dec. 16, 2002)(Finding that the BOP's interpretation of § 3624 was reasonable in light of the plain statutory language allowing "54 days as the basis for credit, not the 15% figure."); Pacheco-Camacho v. Hood, 272 F.3d 1266, 1270-71 (9th Cir. 2001), cert. denied, 535 U.S. 1105, 122 S.Ct. 2313, 152 L.Ed.2d 1067 (2002)(Finding that

the BOP's interpretation "establishes an effective and fair prorating scheme, enabling inmates to calculate with reasonable certainty the end of their imprisonment, while preventing certain prisoners from receiving disproportionate good time credits merely because their sentence happens to equal a year and a day."); see also, Stein v. Gutierrez, __ F.Supp.2d __, 2005 WL 1530253 (N.D. W.Va. June 23, 2005); Esposito v. Ashcroft, 2005 WL 119872 (N.D. W.Va. Jan. 14, 2005);  Loeffler v. Federal Bureau of Prisons, 2004 WL 2417805 (S.D. N.Y. Oct. 29, 2005);  Pasciuti v. Drew, 2004 WL 1247813 (N.D. N.Y. Jun. 2, 2004); Graves v. Bledsoe, 334 F.Supp.2d 906 (W.D. Va. 2004).

In Yi, the petitioner argued that because the phrase "term of imprisonment" as used in the first two instances of § 3624(b) refers to the sentence imposed, then under the canons of statutory construction, the phrase must mean the same when used in the third instance. The Fourth Circuit found that although the petitioner's construction of the statute was plausible, the statute's language did not "unambiguously compel[] this interpretation alone." Yi, 412 F.3d at 531. The Court stated that "to award credit for time not served would conflict with Congress' intent that prisoners 'earn' credit under the GCT statute by 'display[ing] exemplary compliance with institutional disciplinary regulations' during the year." Id. at 531-32. After finding no resolution in the statute's ambiguity by reviewing the legislative history of the GCT statute, the Fourth Circuit concluded that the BOP's interpretation is reasonable:

> We conclude that the BOP has reasonably interpreted the statute so as to require the calculation of GCT based upon the inmate's time served. The view that a prisoner should accrue 54 days of credit for each 365 days of good behavior is consistent with Congress' mandate that the BOP reward a prisoner "at the end of each year" for good behavior demonstrated "during that year." 18 U.S.C. § 3624(b)(1). This language reflects "a clear congressional directive that the BOP look retroactively at a prisoner's conduct over the prior year, which makes it reasonable for the BOP only to award GCT for time served." *Perez-Olivo*, 394 F.3d at 53. Accordingly, we defer to the BOP's reasonable construction of 18 U.S.C. § 3624(b).

6

> *Chevron*, 467 U.S. at 843-44, 104 S.Ct. 2778.

Id. at 534.

Based on the foregoing, the undersigned finds that the BOP properly calculated Petitioner's GCT based upon time served rather than sentence imposed. Accordingly, Petitioner is not entitled to *habeas* relief.[5]

---

[5] Although not alleged by Petitioner, the undersigned finds that the rule of lenity is inapplicable in this instance. *See Yi v. Federal Bureau of Prisons*, 412 F.3d at 535. The rule of lenity is a rule of statutory construction which requires that ambiguities in criminal or punitive statutes must be resolved in favor of the Petitioner. *See e.g., United States v. One 1973 Rolls Royce*, 43 F.3d 794, 819 (3d Cir. 1994). The rule applies only if ambiguity remains after the Court has applied all established principles of statutory construction. *United States v. R.L.C.*, 503 U.S. 291, 293, 112 S.Ct. 1329, 1332, 117 L.Ed.2d 559 (1992)("No ambiguity about the statute's intended scope survives the foregoing analysis, but if any did, the construction yielding the shorter sentence would be chosen under the rule of lenity."); *Chapman v. United States*, 500 U.S. 453, 463, 111 S.Ct. 1919, 1926, 114 L.Ed.2d 524 (1991)(Statute must be ambiguous for rule of lenity to apply.). In *Bifulco v. United States*, 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980), the Supreme Court defined the policy of lenity to mean "that the Court will not interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended." In the absence of a statutory ambiguity, "a court may not manufacture an ambiguity in order to defeat Congress' intent." *United States v. Blannon*, 836 F.2d 843, 845 (4th Cir.) *cert. denied*, 486 U.S. 1010, 108 S.Ct. 1741, 100 L.Ed.2d 204 (1988). In *Yi*, the Fourth Circuit determined that the rule of lenity was inapplicable to the issue at hand for two reasons:

> First, BOP Program Statement 5880.28 and 28 C.F.R. § 523.20 provide the public with sufficient notice that GCT shall be awarded based upon time actually served. Thus, while the language of the statute is ambiguous, the Program Statement and the regulation "give[] the public sufficient warning to ensure that nobody mistakes the ambit of the law or its penalties." *Pacheco-Camacho*, 272 F.3d at 1272; *see also Perez-Olivo*, 394 F.3d at 53-54 (holding that rule of lenity does not apply); *O'Donald*, 402 F.3d at 174 (same). Second, 18 U.S.C. § 3624 is a statute that Congress has charged the BOP to administer. Rather than apply a presumption of lenity to resolve the ambiguity, *Chevron [U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984)], requires that we *defer* to the agency's reasonable construction of the statute.

*Yi*, 412 F.3d at 535. Having determined that the BOP's interpretation is a reasonable and permissible construction of the law in accord with the legislative intent, the undersigned concludes that the rule

## 2.    Petitioner is not entitled to a compassionate release under 18 U.S.C. § 3582(c)(1)(A).

Petitioner, an illiterate man of seventy-three years of age, requests a compassionate release due to the suicide death of his forty-five year old son on August 25, 2005. (Document No. 6.)[6] In support of his request, Petitioner states:

> Petitioner contends because a domestic dispute which occurred this week concerning the death of his son that he be GRANTED an early compassionate release to rebuild lost family ties.
>
> Petitioner's son has just committed suicide due to his wife's affair with another man, which petitioner's son shot the man, th[e]n took his own life. Petitioner avers that he served his debt to society and begs this Honorable Court to correct his owed jail time-credits or in the alternative GRANT him COMPASSIONATE RELEASE. Petitioner avers that he should be released to a half-[way] house on or about December 7, 2005, unless this Court GRANTS petitioner his owed jail time-credits, petitioner would then qualify for immediate release.

(Id., pp. 3-4.)

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04, 60 L.Ed.2d 668 (1979); see also, Meachum v. Fano, 427 U.S. 215, 225, 96 S.Ct. 2532, 2539, 49 L.Ed.2d 451 (1976)("[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty."). However, Title 18, U.S.C. § 3582(c)(1)(A) allows the sentencing court, upon motion of the BOP, to reduce an inmate's term of imprisonment if either (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) the inmate is at least 70 years of age, has served at least 30 years in prison for a sentence under

_____

of lenity has no application to the analysis of the propriety of the BOP's interpretation.

[6] The undersigned has considered Petitioner's Motion to Amend to include his request for compassionate release. (Document No. 6.) In this respect, the undersigned recommends that the Motion to Amend be granted.

§ 3559(c), and the BOP has determined the inmate does not pose a danger to anyone or the community; and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The undersigned finds that Petitioner fails to meet the requirements for compassionate release under § 3582(c)(1)(A). Although Petitioner contends that his release is necessary due to his son's recent suicide, the undersigned finds that he has not presented any evidence that the BOP has either tendered to the Court a motion for his early release, or a determination that he is not a danger to anyone. Furthermore, although Petitioner is 73 years of age, the evidence before the Court does not indicate that he has served the minimum thirty years in prison. Accordingly, the undersigned finds that Petitioner is not entitled to early release under § 3582(c)(1)(A), and his Motion therefore, must be denied.

## PROPOSAL AND RECOMMENDATION

The undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS**, that the District Court **GRANT** Petitioner's Motion to Amend (Document No. 6.), **DENY** Petitioner's Motion for Compassionate Release (Document No. 6.), **DISMISS** Petitioner's § 2241 Application (Document No. 1.), and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Chief United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections

identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Chief Judge Faber, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Petitioner.

ENTER: October 4, 2005.

R. Clarke VanDervort
United States Magistrate Judge